IN THE UNITED STATE DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LEVEL ONE TECHNOLOGIES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 14-cv-1305-RWS |
| PENSKE TRUCK LEASING CO., L.P., ) | |
| AND ) | |
| PENSKE LOGISTICS, LLC, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS AND FOR A MORE DEFINITE STATEMENT**

Defendants Penske Truck Leasing Co., L.P. and Penske Logistics LLC, by their undersigned counsel, pursuant to Federal Rule of Civil Procedure 12(b)(6) and 12(e), respectfully submit this Memorandum of Law in support of their Motion to Dismiss the state-court petition (hereinafter "the Complaint") filed by Level One Technologies, Inc. ("plaintiff" or "Level One") or, in the alternative, for a more definite statement of many allegations of the Complaint.

**I.     INTRODUCTION**

Penske Truck Leasing Co., L.P. and plaintiff entered into agreements relating to plaintiff's billing system. (*See* Compl., Ex. A, B, C).[1]  The relationship between Penske Truck Leasing Co., L.P. and plaintiff arises from these contracts. Notwithstanding this contractual relationship, plaintiff now brings eleven tort claims against Penske Truck Leasing Co., L.P. and

---

[1] Any factual allegations taken from the Complaint are intended only to aid in the Court's resolution of this motion. Penske Truck Leasing Co., L.P. and Penske Logistics LLC strenuously deny all allegations as unfounded and do not admit them by including them here.

Penske Logistics LLC and only one claim involving the contracts. (*See id.*, Counts I-XII). In the eleven tort claims, plaintiff alleges that "Penske"[2] made over 25 fraudulent or negligent misrepresentations throughout the course of plaintiff's contractual relationship with Penske Truck Leasing Co., L.P., but plaintiff fails to identify who specifically made any of these representations, who the representations were made to, or when and where any of the representations were made. (*Id.* ¶¶ 22, 25, 29, 39, 43, 49, 53, 54, 55, 56, 58, 59, 60, 62, 65, 68, 71). This lack of specificity is fatal to plaintiff's claims.

Moreover, plaintiff's allegations are impermissibly vague and ambiguous, and they impede Penske Truck Leasing Co., L.P.'s and Penske Logistics LLC's ability to respond to plaintiff's serious—but unfounded—allegations. Accordingly, Penske Truck Leasing Co., L.P. and Penske Logistics LLC respectfully request that the Court dismiss plaintiff's allegations for failing to comply with the pleading standards set forth in Rules 8(a) and 9(b) or, in the alternative, to require a more definite statement, and dismiss claims subsumed by the Missouri Trade Secrets Act.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires that a plaintiff plead "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). If a plaintiff fails to meet this requirement, "[a] party may move for a more definite statement of a pleading," particularly where the complaint is "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).

Rule 12(b)(6) provides that a complaint may be dismissed for failure to state a claim

---

[2] Plaintiff defines "Penske" to include Penske Truck Leasing Co., L.P., Penske Logistics LLC, Penske Logistics Mexico, and Penske Logistics Europe. (Compl. ¶ 10). The last two entities are not named defendants or parties to the contracts. Defendant Penske Logistics LLC is also not a party to any of the contracts at issue.

upon which relief may be granted if it appears that the plaintiff can prove no set of facts to support the claim. *See* Fed. R. Civ. P. 12(b)(6). In deciding a motion to dismiss, a court is not required to accept mere "[t]hreadbare recitals of the elements cause of action, supported by mere conclusory statements . . . ." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also id.* at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* "A district court, therefore, is not required to divine the litigant's intent and create claims that are not clearly raised, and it need not conjure up unpled allegations to save a complaint." *Gregory v. Dillard's Inc.*, 565 F.3d 464, 473 (8th Cir. 2009) (internal quotations omitted) (quoting *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 840 (8th Cir. 2004) and *Rios v. City of Del Rio, Texas*, 444 F.3d 417, 421 (5th Cir. 2006)).

**III.   ARGUMENT**

    **A.   Plaintiff's Complaint Should Be Dismissed for Failing to Meet Pleading Requirements under Rule 8(a) or, Alternatively, Plaintiff Should File a More Definite Statement**

In its Complaint, plaintiff improperly groups Penske Truck Leasing Co., L.P., Penske Logistics LLC, Penske Logistics Europe, and Penske Logistics Mexico together and refers to them collectively as "Penske." (Compl. ¶ 10). Throughout the 214-paragraph Complaint, plaintiff generally alleges that "Penske" engaged in misconduct and that plaintiff relied on the misrepresentations of "Penske." Other than a single reference to a Janet Chladni in paragraph 22 of the Complaint, there is literally no effort to identify which of the defendants and two other parties included within plaintiff's definition of "Penske" engaged in the misconduct or made the representations allegedly relied upon by plaintiff.

Lumping separate entities is contrary to the requirement of Rule 8(a)(2) that a complaint

contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  The purpose of Rule 8 is to provide a defendant with notice of the nature of the cause of action asserted against it.  *Clausen & Sons, Inc. v. Theo. Hamm Brewing Co.*, 395 F.2d 388, 390 (8th Cir. 1968).  Because plaintiff attributes all of the "wrongful acts" and allegations to "Penske" generally, plaintiff's allegations are facially deficient and warrant dismissal of the Complaint.

While Penske Truck Leasing Co., L.P. and Penske Logistics LLC have not found an Eighth Circuit or Eastern District of Missouri decision addressing the issue, other circuits and district courts have held that grouping defendants is improper under Rule 8(a).  *See Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013) ("Liability is personal . . . . The Rules of Civil Procedure set up a system of notice pleading.  Each defendant is entitled to know what he or she did that is asserted to be wrongful.  A complaint based on a theory of collective responsibility must be dismissed."); *Bagheri v. Galligan*, 160 F. App'x 4, 5 (1st Cir. 2005) (upholding district court's dismissal of action where the original complaint did not "state clearly which defendant or defendants committed each of the alleged wrongful acts"); *Autuhene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001) ("By lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, [plaintiff]'s complaint failed to satisfy [the] minimum standard" of pleading under Fed. R. Civ. P. 8(a)).[3]

---

[3] *See also Gould v. Citi Mortg., Inc.*, CIV. 11-1982 DWF/JSM, 2011 WL 7615124, at *18 (D. Minn. Dec. 29, 2011) *report and recommendation adopted*, CIV. 11-1982 DWF/JSM, 2012 WL 1005035 (D. Minn. Mar. 26, 2012) ("[A] complaint fails to state a claim for relief when it fails to provide fair notice of the grounds for the claims made against a particular defendant by lumping all defendants together and not sufficiently alleging who did what to whom"); *Tully v. Bank of Am., N.A.*, CIV. 10-4734 DWF/JSM, 2011 WL 1882665, at *6 (D. Minn. May 17, 2011) (dismissing claim because plaintiff asserts causes of action against defendants generally, which fails to satisfy Rule 8 pleading requirements); *Bentley v. Bank of Am., N.A.*, 773 F. Supp. 2d 1367, 1373 (S.D. Fla. 2011) (dismissing claims because plaintiff improperly lumped the

4

Because plaintiff combines Penske Truck Leasing Co., L.P. and Penske Logistics LLC with two other Penske companies that are not defendants, it is unclear which actions are attributed to which legal entity.  For example, in paragraph 77, plaintiff alleges, "Although unknown to Level One at the time, at some point Penske entered into, and implemented a plan to steal, misappropriate and usurp."  (Compl. ¶ 77).  Because plaintiff lumps four entities into the term "Penske," this allegation is ambiguous.  Plaintiff may be alleging that all four entities engaged in that action, only one, or only the named defendants.  The Court and defendants should not have to guess.  Additionally, this ambiguity inhibits Penske Truck Leasing Co., L.P.'s and Penske Logistics LLC's ability to prepare an accurate and responsive pleading because it is unclear who plaintiff alleges, *inter alia*, made the misrepresentations upon which plaintiff relied, breached the contracts, or misappropriated the trade secrets.[4]

Because plaintiff's allegations are ambiguous and therefore cause Penske Truck Leasing Co., L.P., and Penske Logistics LLC to be unable to prepare a response that adequately addresses plaintiff's Complaint, plaintiff's claims fail to meet Rule 8(a) pleading requirements and should be dismissed.

Alternatively, if the Court does not dismiss the claims, the Court should require plaintiff to file a more definite statement specifying which entity engaged in the alleged misconduct so

---

defendants together despite the fact that defendants were "separate and distinct legal entities"); *Gauvin v. Trombatore*, 682 F. Supp. 1067, 1071 (N.D. Cal. 1988) (grouping together multiple defendants in one broad allegation fails to satisfy the notice requirement of Rule 8(a)(2)); *Van Dyke Ford, Inc. v. Ford Motor Co.*, 399 F. Supp. 277, 284 (E.D. Wis. 1975) ("Specific identification of the parties to the activities alleged by the plaintiffs is required in this action to enable the defendant to plead intelligently.")

[4] Although it is the position of defendants that none of them or any other company or person engaged in wrongful conduct vis-à-vis plaintiff, this does not relieve plaintiff of its obligations to specify which company engaged in the alleged wrongful conduct, especially conduct as serious as that alleged by plaintiff, or which defendant made a misrepresentation on which plaintiff allegedly relied.

that Penske Truck Leasing Co., L.P. and Penske Logistics LLC can prepare a responsive pleading.  "A Motion for a More Definite Statement is proper 'when a party is unable to determine issues he must meet, or where there is a major ambiguity or omission in the complaint that renders it unanswerable.'"  *NEXTEP, LLC v. Kaba Benzing Am. Inc.*, No. 4:07-CV-1107, 2007 WL 4218977, at *2 (E.D. Mo. Nov. 29, 2007) (Sippel, J.) (quoting *Tinder v. Lewis Cnty. Nursing Home Dist.*, 207 F. Supp. 2d 951, 959 (E.D. Mo. 2001).  Plaintiff's Complaint triggers both of these concerns.  These are serious allegations.  Plaintiff must specify which of the defendants and other companies included in the "Penske" definition committed or partook in the misconduct.  If it cannot do so in compliance with Rule 11, it should not make the allegation.

Another example of the Complaint's ambiguity is subparagraph 102.h.1.  In this subparagraph, plaintiff lists fifty broad billing and contract terms that it claims "Penske" did not know, such as user controls, email notifications, payer and payee profiles, and document imaging and indexing.  (Compl. ¶ 102.h.1).  First, it is unclear exactly what plaintiff is alleging with this list or the list's purpose.  Moreover, it is unclear whether plaintiff alleges that Penske Truck Leasing Co., L.P. and Penske Logistics LLC have no knowledge of these areas generally or if it alleges something more specific.  Without further allegations to explain the list, plaintiff's ambiguity renders this portion of the Complaint unanswerable.

If the Court does not dismiss the Complaint, Penske Truck Leasing Co., L.P. and Penske Logistics LLC respectfully request that the Court grant their motion for a more definite statement.

   **B.** **Plaintiff's Fraud in the Inducement (Count I) and Fraud (Count VI) Claims Should Be Dismissed Because They Do Not Meet Rule 9(b) Requirements**

Plaintiff's fraud in the inducement and fraud claims fail to satisfy Rule 9(b)'s particularity requirements because plaintiff does not specify which defendant made the

6

fraudulent statements, who these statements were made to, or when or where the statements were made. Instead, plaintiff groups the two defendants with two other entities, refers to the group as "Penske," attributes all representations to "Penske," and alleges "Penske" made the representations to Level One generally sometime between 2008 and 2009.

When a party alleges fraud, these claims are subject to a heightened pleading requirement under Rule 9(b): "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). Rule 9(b)'s particularity requirement applies to general claims of fraud and claims of fraud in the inducement. *See BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007) (fraud); *Edison v. Chicago Title Ins. Co.*, No. 1:09-CV-133, 2010 WL 2870317, at *2 (E.D. Mo. July 19, 2010) (fraud in the inducement). To meet Rule 9(b) requirements, a pleading must include "such matters as the <u>time</u>, <u>place</u> and contents of the false representations, as well as the <u>identity of the person making the misrepresentations</u> and what was obtained or given up thereby." *Abels v. Farmers Commodities Corp.*, 259 F.3d 910, 920 (8th Cir. 2001) (emphasis added); *Drobnak v. Andersen Corp.*, 561 F.3d 778, 783 (8th Cir. 2009) (same). Thus, the party must identify the "who, what, where, when, and how" of the alleged fraud. *Id.*

A complaint that does not contain allegations adequately identifying who made the misrepresentations, who heard the misrepresentation, and when and where the opposing party made the misrepresentations fails to meet Rule 9(b) particularity requirements. *See e.g.*, *Arnold v. AT&T, Inc.*, No. 4:10-CV-2429, 2012 WL 1441417, at *11 (E.D. Mo. Apr. 26, 2012) (dismissing complaint because plaintiff failed to allege the time period of the misrepresentations, who defendants made the misrepresentations to, or "which of the defendants 'placed' the

7

unidentified 'prepaid services' on plaintiffs' bills;" instead, plaintiff "as a whole" alleged that defendants "as a whole" placed the prepaid services on plaintiffs' bills); *Edison*, 2011 WL 2870317, at *2 (dismissing complaint because "plaintiff does not identify who made the representations, or when and where the representations are made").  Moreover, grouping defendants and alleging that they all generally committed the fraud does not meet the heightened pleading requirements.  *See First Franklin Fin. Corp. v. Advantage Mortg. Consulting, Inc.*, No. 4:07-CV-1478, 2007 WL 4454292, at *4 (E.D. Mo. Dec. 14, 2007).

In *First Franklin Financial Corp. v. Advantage Mortgage Consulting, Inc.*, the court dismissed plaintiff's fraud claims for failing to satisfy Rule 9(b), because plaintiff merely "lump[ed] [defendant] in with the loan originator and the borrower." *Id.*  The court explained that "[w]ithout such basic information as the identity of the [defendant] employee(s) who made the alleged representation, the content of such representations, and the manner in which they allegedly were untrue, the Court holds [plaintiff] has deprived [defendant] of the opportunity to prepare an effective defense." *Id.*

In *Kramer & Frank, P.C. v. Wibbenmeyer*, this Court similarly dismissed a defendant's counterclaim for failure to plead the "who, what, when, where, and how" of Rule 9(b)'s pleading requirement.  No. 4:05-CV-2395, 2006 WL 1134479, at *5 (E.D. Mo. Apr. 26, 2006).  In *Kramer & Frank, P.C.*, defendant's amended counterclaim included a "laundry list of allegations." *Id.* at *2.  This Court held that defendants did not satisfy Rule 9(b) requirements because they did not "identify the speaker of the allegedly fraudulent representations or to whom they were spoken." *Id.*  Instead, defendants broadly alleged that Kramer & Frank, P.C. misrepresented to defendants generally. *Id.*  Defendants also failed to "allege where and when the allegedly fraudulent misrepresentations occurred." *Id.* at *5.  Thus, this Court dismissed

8

defendant's counterclaim.  *Id.*

Here, plaintiff similarly fails to identify the speaker, the hearer, the when, and the where of the allegedly fraudulent representations.  (Compl. ¶¶ 22, 25, 29, 34, 39, 43, 49, 53, 54, 55, 56, 58, 59, 60, 62, 65, 68, 71, 77, 120) (all alleging "Penske's" statements were made to "Level One" generally).  Plaintiff attributes all misrepresentations to the improperly grouped "Penske." (*Id.* ¶ 10).  By ascribing all misrepresentations to "Penske," plaintiff fails to identify which entity or individual in the entity made the representation.  (*Id.* ¶¶ 22, 25, 29, 34, 39, 43, 49, 53, 54, 55, 56, 58, 59, 60, 62, 65, 68, 71, 77, 120).[5]  Moreover, plaintiff alleges that all representations were made to "Level One" generally, without specifying which person at Level One heard the statements.  (*Id.*)  Finally, plaintiff does not include any dates or locations concerning the alleged misrepresentation.  (*Id.*)

Like the plaintiffs in *Kramer & Frank, P.C.* and *First Franklin Financial Corp.*, plaintiff's broad allegations against "Penske" do not meet any of the requirements of Rule 9(b).  Moreover, plaintiff's failure to plead with particularity deprives Penske Logistics LLC and Penske Truck Leasing Co., L.P. of the opportunity to prepare an effective defense against these severe allegations.  *First Franklin Fin. Corp.*, 2007 WL 4454292, at *4; *see also id.* at *3 ("[T]he purpose of Rule 9(b) is, 'to inhibit the filing of a complaint as a pretext for the discovery of unknown wrong, protect defendants from the harm that might come to their reputations when charged with acts of moral turpitude, and finally ensure that the allegations are particularized enough to enable defendants to prepare an adequate defense.'" (quoting *United States ex rel. O'Keefe v. McDonnell Douglas Corp.*, 918 F. Supp. 1339, 1345 (E.D. Mo. 1996))).

---

[5] Plaintiff's identification of Janet Chladni in paragraph 22 appears to be limited to the initial approach of Level One to perform services, not any of the alleged "misrepresentations." (Compl. ¶ 22).

9

Accordingly, plaintiff's fraud in the inducement and fraud claims (Counts I and VI) should be dismissed for failure to plead with particularity.  In the alternative, if the Court does not dismiss plaintiff's fraud-based claims, Penske Truck Leasing Co., L.P. and Penske Logistics LLC respectfully request that the Court grant their motion for a more definite statement regarding these claims.  (Compl. ¶¶ 22, 25, 29, 39, 43, 49, 53, 54, 55, 56, 58, 59, 60, 62, 65, 68, 71).

        C.      **The Missouri Trade Secrets Act Preempts Counts I, II, IV, V, X, XI, and XII of Plaintiff's Complaint**

Plaintiff's misappropriation of results of time, resources, and monetary investment (Count IV), head start (Count V), unfair competition (Count X), unjust enrichment (Count XI), and conspiracy claims (Count XII) should be dismissed because they rely on facts related to the Missouri Trade Secrets Act claim.  Additionally, as plaintiff's fraud in the inducement (Count I) and first negligent misrepresentation (Count II) claims allege misrepresentations relating to the trade secret, they are also preempted.

The Missouri Trade Secrets Act ("MUTSA"), Mo. Rev. Stat. § 417.450, *et seq*., is a plaintiff's exclusive remedy to recover damages for any non-contractual state claims related to the misappropriation of its trade secrets and other confidential information.  The MUTSA "displace[s] conflicting tort, restitutionary, and other laws of this state providing civil remedies for misappropriation of a trade secret."  Mo. Rev. Stat. § 417.463.  State law claims are preempted by the MUTSA if they are "based on facts *related* to the misappropriation claim." *Lasco Foods, Inc. v. Hall & Shaw Sales, Mktg., & Counseling, LLC*, No. 4:08-CV-01683, 2009 WL 3523986, at *5 (E.D. Mo. Oct. 26, 2009) (emphasis added) (quoting *Bancorp Servs., L.L.C. v. Hartford Life Ins. Co.*, No. 4:00-CV-70, 2002 WL 32727076, at *4 (E.D. Mo. Feb. 25, 2002).  In other words, if the "claims [] are based upon the same set of operative facts as a MUTSA

10

claim," the MUTSA preempts them. *Secure Energy, Inc. v. Coal Synthetics, LLC*, No. 4:08-CV-1719, 2010 WL 1691454, at *2 (E.D. Mo. April 27, 2010).

To determine whether the MUTSA preempts the claim, courts analyze whether the underlying <u>wrongful</u> <u>conduct</u> and the resulting <u>injury</u> is related to the misappropriation of trade secrets and other confidential information. *See Bancorp Servs., L.L.C.*, 2002 WL 32727076, at *5 (holding that the MUTSA preempted plaintiff's unfair competition claim because the alleged wrongful conduct was the party's appropriation of the "trade secret information in order to develop a competitive product"); *On-Line Techs, Inc. v. Bodenseewerk Perkin-Elmer GmbH*, 386 F.3d 1133, 1145 (Fed. Cir. 2004) (affirming that fraud claim was preempted because even though plaintiff argued that part of fraud claim related to the parties' "proposed business transaction," the injury was related only to the misappropriated trade secrets).

Plaintiff's claims for misappropriation of results of time, resources, and monetary investment (Count IV) and head start liability (V) are preempted by the MUTSA. The factual allegations and injury underlying these claims are related to plaintiff's trade secret claim. In its misappropriations of results claim, plaintiff alleges, "Penske has taken the proceeds and <u>results</u> of Level One's investment of time, effort and money and utilized it for their own benefit by using the solutions, <u>methodologies</u>, approaches, <u>concepts</u> and <u>ideas</u> of Level One in and to develop POPS." (Compl. ¶ 110) (emphasis added). Plaintiff makes similar allegations for its head start liability claim. (*Id.* ¶ 115 ("[Penske used] that <u>information</u>, knowledge, plans, schematics, <u>methodologies</u> and property to develop its own POPS system")) (emphasis added). Plaintiff defines its trade secret to include the "specific concepts, <u>methods</u> and means of implementation . . . the <u>information</u>, data, systems, techniques, modules and methods developed." (*Id.* ¶ 189) (emphasis added).

11

As demonstrated by plaintiff's allegations, plaintiff's primary focus is on "Penske's" use of plainitff's methods and processes to create POPS, which is the same focus as its trade secrets claim. Moreover, plaintiff alleges misappropriation of the <u>results</u> of the time, resource, and monetary investment; the results are the trade secrets. Thus, the facts and injury in the misappropriation and head start claim are directly related to and included in plaintiff's MUTSA claim. By separating the labor from the final product of a trade secret, plaintiff attempts to get two bites of the same apple. Accordingly, plaintiff's misappropriation of result of time, resources, and monetary investment and head start liability claims should be dismissed as they are preempted by the MUTSA.

Additionally, the factual allegations supporting plaintiff's unfair competition, unjust enrichment, and conspiracy claims directly reference the misappropriation of the trade secret. (*See* Compl. ¶ 200 (unfair competition - "Penske has utilized Level One's Protected Knowledge"); ¶ 205 (unjust enrichment – Penske used information to receive substantial benefits); ¶ 211 (conspiracy – "Level One's Protected Knowledge . . . w[as] taken")). Missouri district courts regularly dismiss these types of claims when they are based on the same facts as the MUTSA claim. *See Secure Energy, Inc.*, 2010 WL 1691454, at *3-6 (MUTSA preempted plaintiff's breach of fiduciary duty, fraud, negligent misrepresentation, tortious interference, unfair competition, and civil conspiracy claims because they merely restated the MUTSA claim); *Bancorp Servs., L.L.C.*, 2002 WL 32727076, at *4-5 (MUTSA preempted plaintiff's conversion, breach of confidential relationship, and unfair competition claim because they were all derivative of the MUTSA claim).

Finally, as plaintiff's fraud in the inducement claim (Count I) and first negligent misrepresentation claim (Count II) rely on facts related to the misappropriation of trade secrets

claim, they are preempted. Specifically, in both Count I and Count II, plaintiff alleges that "Penske" made false misrepresentations set out in paragraphs 29 and 34. (Compl. ¶¶ 85, 93). Paragraphs 29 and 34 allege that "Penske" promised it would not use plaintiff's confidential information. (*Id.* ¶¶ 29.b, 34.a). These allegations directly related to "Penske's" alleged misappropriation of plaintiff's confidential information; thus, the claims simply restate plaintiff's MUTSA claim. *See Secure Energy, Inc.*, 2010 WL 1691454, at *3-4 (dismissing fraud claims because they were about defendants' taking and using of plaintiffs' trade secret and therefore was preempted by the MUTSA). Accordingly, these claims are preempted.

Because plaintiff seeks relief based on the misappropriation of their trade secrets pursuant to the cause of action for Counts I, II, IV, V, X, XI, XII, the preemption provision of the MUTSA displaces those claims and they should be dismissed.

### D. Plaintiff's Head Start Liability Claim (Count V) Is Not a Viable Claim Under Missouri Law

Even if plaintiff's head start liability claim is not preempted, it should be dismissed because Missouri law does not recognize the claim as an independent tort. An unfair head start claim is not a cause of action under Missouri law. Rather, it is a rule regarding damages, used either to limit the length of an injunction or the time period for which a plaintiff may recover damages in a claim for misappropriation of trade secrets. *See, e.g., Synergetic, Inc. v. Hurst*, 477 F.3d 949, 961 (8th Cir. 2007) (observing that the head start rule measures the length of the injunction in a trade secrets case; the head start rule determines how long it would have taken to reproduce the trade secrets absent the misappropriation); *Superior Gearbox Co. v. Edwards*, 869 S.W.2d 239, 250-251 (Mo. Ct. App. 1993) (noting in a pre-MUTSA misappropriation of trade secrets cases that the head start rule measures an injunction).

Moreover, an Eastern District of Missouri decision recently recognized that "[t]he head

start rule is only a rule of remedy." *Reliant Care Mgmt., Co. v. Health Systems, Inc.*, No. 4:10-CV-38, 2011 WL 4369371, at *2 (E.D. Mo. Sept. 19, 2011).  Other circuits also do not treat head start liability as a freestanding cause of action.  *See, e.g., Sokol Crystal Prods., Inc. v. DSC Commc'n Corp.*, 15 F.3d 1427, 1433 (7th Cir. 1994) (no award of lost profits beyond point in time when defendant would have been able to discover trade secret without misappropriation); *Lamb-Weston, Inc. v. McCain Foods, Ltd.*, 941 F.2d 970, 974 (9th Cir. 1991) ("appropriate duration for injunction is the period of time it would have taken [the defendant] . . . to develop [the product] legitimately without use of [plaintiff's] trade secrets"); *Sensormatic Elec. Corp. v. Tag Co. US, LLC*, 632 F. Supp. 2d 1147, 1186-87 (S.D. Fla. 2008) (head start period used for disgorgement of profits earned during the time it would have taken defendant to develop the trade secret on his own).

Accordingly, plaintiff's head start liability claim (Count V) should be dismissed, as it is not a separate tort recognized by Missouri law.

## IV.   CONCLUSION

For the foregoing reasons, Defendants Penske Truck Leasing Co., L.P. and Penske Logistics LLC respectfully request that their Motion to Dismiss be granted and plaintiff's Complaint be dismissed with prejudice.  Should the Court not dismiss the Complaint in its entirety, plaintiff should be ordered to plead with more specificity.

Respectfully submitted,

Date:   August 29, 2014

BALLARD SPAHR LLP

BY: /s/ Douglas Y. Christian
Douglas Y. Christian, *pro hac vice*
christiand@ballardspahr.com
Brittany M. Wilson, *pro hac vice*
wilsonbm@ballardspahr.com
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
(214) 864 – 8404
(214) 864 – 8999 (facsimile)

Jonathan R. Shulan, #65426
ARMSTRONG TEASDALE LLP
7700 Forsyth Blvd., Suite 1800
St. Louis, Missouri 63105
(314) 621-5070
(314) 621-5065 (facsimile)
jshulan@armstrongteasdale.com

*Counsel for Defendants
Penske Truck Leasing Co., L.P. and
Penske Logistics LLC*