UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LEVEL ONE TECHNOLOGIES, INC., | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 4:14 CV 1305 RWS |
| PENSKE TRUCK LEASING CO., L.P., and PENSKE LOGISTICS LLC, | ) ) ) | |
| Defendants. | ) ) | |

## **MEMORANDUM & ORDER**

Defendant Penske moves for summary judgment on Level One's remaining claims of breach of contract (Count I) and unjust enrichment (Count VI). [No. 185]. I previously granted summary judgment on Level One's lost volume (subset of Count I), fraud (Count II), Negligent Misrepresentation (Count III), and breach of duty of good faith and fair dealing (Count IV) claims. Before addressing Penske's current arguments, I will revisit my prior order and dismiss Level One's unjust enrichment claim (Count VI), because it covers the same subject matter as the parties' express contract.

## **BACKGROUND**

Technology services company Level One claims that truck leasing company Penske copied its transaction processing software Epay. Based on that claim, Level One filed this suit against Penske in June 2014. As stated in Level One's

complaint, the two companies signed a Services Agreement governing Penske's use of Epay. The Services Agreement also contained a Software Source Code and Data Escrow Agreement, by which Penske agreed to the following:

> [Penske] will not use, copy, or transfer any gained knowledge from the Epay application data and Source Code for the purpose of developing identical or similar version of Epay for Penske's proprietary use as long as Level One is both operational and is processing transactions under its continuing Services Agreement with Penske.

(ECF No. 1-1 at 60).

In its second amended complaint, [No. 99]. Level One alleges that Penske breached the Services Agreement by using Epay source code and other knowledge gained from using Epay to develop the Penske Online Payment System (POPS). Level One also alleges that Penske breached the Services Agreement by failing to process an agreed amount of transactions through Epay. Based on these allegations, Penske sought recovery under theories of breach of contract (Count I), fraud (Count II), negligent misrepresentation (Count III), breach of the duty of good faith and fair dealing (Count IV), misappropriation of trade secrets (Count V), and unjust enrichment (Count VI).

On January 25, 2018, I granted Penske's partial motion for summary judgment, dismissing Count II, III, IV, and portions of Level One's breach of

contract claim (Count I) that alleged lost volume theories of recovery. [No. 197]. I found that any purported promises concerning the volume of transactions that Penske would process through Epay were not a part of the Services Agreement or any other valid contract entered into between the parties. Penske now moves for summary judgment on Level One's remaining claims: breach of contract regarding use of Epay source code (Count I) and unjust enrichment (Count VI).

## LEGAL STANDARD

I can only grant summary judgment if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates (1) that there is no genuine issue as to any material fact and (2) that the moving party is entitled to judgment as a matter of law. Lynn v. Deaconess Med. Ctr., 160 F.3d 484, 486 (8th Cir. 1998) (citing Fed. R. Civ. P. 56(c)). In this evaluation, I view all facts and factual inferences in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The party seeking summary judgment bears the burden of establishing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Once the moving party has met this burden, the nonmoving party may not rest on the allegations in its pleadings, but by affidavit or other evidence, must set forth specific facts showing that a genuine issue of material fact exists. Celotext Corp. v. Catrett, 477 U.S. 317, 323 (1986).

## ANALYSIS

In my prior order, (ECF No. 197), I denied Penske's summary judgment motion with respect to Level One's unjust enrichment claim. I am persuaded, however, to revisit my prior decision based on my discussion with parties during the status conferences held on March 9, 2018, and April 6, 2018. I may revisit and "may properly depart from an earlier holding . . . in an interlocutory ruling." Lovett v. Gen. Motors Corp., 975 F.2d 518, 522 (8th Cir. 1992). My prior decision denying summary judgment on Level One's unjust enrichment claim is an interlocutory ruling. See Wright v. S. Arkansas Reg'l Health Ctr., Inc., 800 F.2d 199, 202 (8th Cir. 1986) ("[U]sually, a denial of summary judgment is not treated as final."). I now revisit that decision to determine if Level One's unjust enrichment claim can survive summary judgment.

"If [a] plaintiff has entered into an express contract for the very subject matter for which he seeks recovery, unjust enrichment does not apply. . . ." R & R Land Dev., L.L.C. v. Am. Freightways, Inc., 389 S.W.3d 234, 243 (Mo. Ct. App. 2012); See also Affordable Communities of Missouri v. Fed. Nat. Mortg. Ass'n, 714 F.3d 1069, 1077 (8th Cir. 2013) ("Unjust enrichment is an equitable remedy based on the concept of a quasi-contract, and a plaintiff may not recover under both an express contract and unjust enrichment."). A plaintiff can plead inconsistent and alternative theories of relief, including for "both breach of an

express contract and unjust enrichment." Franke v. Greene, No. 4:11CV1860 JCH, 2012 WL 3156577, at *5 (E.D. Mo. Aug. 2, 2012). At summary judgment, however, "the issue is whether the unjust enrichment claim covers the same subject matter as the [contract]." See, e.g., CoMentis, Inc. v. Purdue Research Found., 765 F. Supp. 2d 1092, 1101–02 (N.D. Ind. 2011). If an express contract covers the same subject matter, the unjust enrichment claim cannot survive summary judgment. Affordable Communities of Missouri, 714 F.3d at 1077.

Level One argues that this limitation on recovering for unjust enrichment "is narrowly construed" and only applies "when the damages sought . . . are expressly covered and agreed to in the contract." (ECF No. 143 at 34). None of Level One's cited cases state such a holding. In two of the cited cases, the Eighth Circuit held that the district court properly dismissed an unjust enrichment count, without purporting to narrow the above-mentioned limitation. See 32nd St. Surgery Ctr., LLC v. Right Choice Managed Care, 820 F.3d 950, 955-56 (8th Cir. 2016); Affordable Cmty. of MO v. Fed. Nat. Mortg. Ass'n, 714 F.3d 1069, 1077 (8th Cir. 2013). Level One cites to six other cases where state and federal courts held that the plaintiff could only recover for a breach of contract claim, not unjust enrichment. See, e.g., Lowe v. Hill, 430 S.W.3d 346, 348 (Mo. Ct. App. 2014). But Level One does not identify a single, specific ruling in those cases that narrows the above-mentioned limitation to circumstances where the damages are expressly

covered and agreed to. The rule remains that if Level One "has entered into an express contract for the very subject matter for which [it] seeks recovery," then it cannot recover based on unjust enrichment. R & R Land Dev., L.L.C. v. Am. Freightways, Inc., 389 S.W.3d 234, 243 (Mo. Ct. App. 2012).

Level One has entered into an express contract, i.e., the Software Source Code and Data Escrow Agreement. That express contract states that Penske "will not use, copy, or transfer any gained knowledge from the Epay application data and Source Code for the purpose of developing identical or similar version of [Epay] for Penske's proprietary use . . . ." (ECF No. 1-1 at 60). Level One seeks recovery for the exact same subject matter. Specifically, Level One alleges that Penske "took Level One's Protected Knowledge [in Epay] and used it to develop its own system and implementing software . . . ." (ECF No. 1 at 23).

As a result, I find that Level One "has entered into an express contract for the very subject matter for which [it] seeks recovery." See R & R Land Dev., L.L.C., 389 S.W.3d 234, 243. It cannot recover based on unjust enrichment, and I will dismiss this claim.

Accordingly,

**IT IS HEREBY ORDERED** that Penske's motion for summary judgment, [No. 130], is **GRANTED** in part. Upon revisiting the matter, Level One's unjust enrichment claim (Count VI) is **DISMISSED**.

                                       _/s/ Rodney W. Sippel_
                                       RODNEY W. SIPPEL
                                       UNITED STATES DISTRICT JUDGE

Dated this 14th day of May, 2018.