UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LEVEL ONE TECHNOLOGIES, INC., <br>     Plaintiff, <br><br> v. <br><br> PENSKE TRUCK LEASING CO., L.P., and PENSKE LOGISTICS LLC, <br><br>     Defendants. | Case No. 4:14 CV 1305 RWS |

## MEMORANDUM & ORDER

Defendant Penske moves to exclude testimony from plaintiff Level One's expert witnesses, Dr. Craig S. Rosenberg and Robert A. Taylor. [Nos. 178 and 182]. I find that Penske's many legitimate arguments pertain to issues of credibility that are better evaluated by a jury with the benefit of cross-examination. As a result, I will deny Penske's motions to exclude Dr. Rosenberg's and Taylor's testimony.

## BACKGROUND

Plaintiff Level One Technologies, Inc., ("Level One") and Defendant Penske Logistics LLC ("Penske") entered into a Services Agreement, pursuant to which Penske processed a portion of its freight transactions through Level One's proprietary online payment system known as Epay. While the Services Agreement was in effect, Penske developed and began using its own online payment system

known as "POPS." Penske stopped entering transactions into Epay and began using POPS exclusively by December 31, 2013. Level One filed this suit in June 2014, alleging that Penske breached the Services Agreement by using Epay source code to develop POPS, among other claims. I granted, in part, Penske's motion for summary judgment. [Nos. 197 and 268]. Penske now moves to exclude Dr. Rosenberg and Taylor's expert testimony on the basis that their methods do not meet the standards for reliability established by <u>Daubert v. Merrell Dow Pharms., Inc.</u>, 509 U.S. 579 (1993).

## LEGAL STANDARD

Pursuant to Federal Rule of Evidence 702 and <u>Daubert</u>, I must "ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." 509 U.S. at 589. Expert testimony must be excluded if its reasoning or methodology is either unreliable or unreliably applied to the facts of the case. <u>Id.</u> 592-93. The party offering the expert testimony has the burden of proving that it is reliable. <u>Wagner v. Hesston Corp.</u>, 450 F.3d 756, 758 (8th Cir. 2006). However, that party need not demonstrate the credibility of their expert testimony at this stage. Instead, where an opponent's objections primarily concern the underlying facts, rather than the expert's methods, those objections "are more appropriately directed to the weight of the testimony, not its admissibility." <u>Minnesota Supply</u>

2

Co. v. Raymond Corp., 472 F.3d 524, 544 (8th Cir. 2006).

## DISCUSSION

Dr. Rosenberg offers two opinions in his expert report. Opinion 1 states that Penske used information from Epay "to develop a similar version of Epay Manager called Penske Online Payment System (POPS)." (ECF No. 181-1 at 15). Opinion 2 states that, if Penske had not used Epay source code, it would have taken five years longer to complete POPS development. Taylor relies on Dr. Rosenberg's Opinion 2 to quantify the amount of profits Level One would have accrued had Penske not developed POPS with Epay source code. Taylor reasons that Penske likely would have renewed the Services Agreement for another five years had it not allegedly used the Epay source code to develop POPS.[1]

Penske seeks to exclude these opinions. It primarily argues Dr. Rosenberg should not have used a particular spreadsheet estimating the time Level One spent Developing Epay. Specifically, Penske argues that the spreadsheet contains hours unrelated to the development of Epay and that Dr. Rosenberg failed to verify the underlying data. Penske also argues that Taylor does not explain certain cost

---

[1] Taylor offered two other opinions (Taylor's Opinion 1 Opinion 3) that concern lost volume claims and unjust enrichment, respectively. Neither of these other opinions is relevant to Level One's remaining breach of contract claims. Level One concedes this point. (ECF No. 205 at 4; ECF No. 209 at 5). I will therefore grant Penske's motion to exclude Taylor's opinion, to the extent that it seeks to exclude Opinion 1 and Opinion 3.

estimates, inappropriately assumes that Penske would renew the contract, and disregards Level One's lack of company-wide profits, among other arguments.

Penske raises many legitimate arguments about the credibility of Dr. Rosenberg's and Taylor's opinions and assumptions. However, in borderline circumstances of reliability, "[i]t is far better … to allow the expert opinion[,] and if the court remains unconvinced, allow the jury to pass on the evidence." Lauzon v. Senco Prod., Inc., 270 F.3d 681, 695 (8th Cir. 2001). Further, when objections concern the underlying facts, rather than the expert's methods, they "are more appropriately directed to the weight of the testimony, not its admissibility." Minnesota Supply Co. v. Raymond Corp., 472 F.3d 524, 544. Many of Penske's arguments pertain to the facts underlying Dr. Rosenberg's and Taylor's methods rather than their methods. As a result, despite Penske's legitimate arguments, Dr. Rosenberg's and Taylor's methods narrowly meet the Daubert reliability standard.

Accordingly,

**IT IS HEREBY ORDERED** that Penske's motion to exclude Dr. Rosenberg's testimony, [No. 178], is **DENIED**.

**IT IS FURTHER ORDERED** that Penske's motion to exclude Taylor's testimony, [No. 182], is **GRANTED** in part and **DENIED** in part. Taylor's Opinion 1 and Opinion 3 shall be excluded from trial because they pertain to the

dismissed lost volume and unjust enrichment claims, respectively. Penske's motion to exclude, [No. 182], is denied to the extent that it seeks to exclude Taylor's Opinion 2.

**IT IS FURTHER ORDERED** that Level One's consent motion to dismiss Count V, [No. 265], is **GRANTED**. Penske's motion to dismiss Count V with prejudice, [No. 254], and Level One's motion to amend, [No. 257], are accordingly **DENIED** as moot.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 16th day of July, 2018.