UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LEVEL ONE TECHNOLOGIES, INC., | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 4:14 CV 1305 RWS |
| PENSKE TRUCK LEASING CO., L.P., and PENSKE LOGISTICS LLC, | ) ) ) ) | |
| Defendants. | ) | |

# **MEMORANDUM & ORDER**

Plaintiff Level One moves to exclude testimony from Defendant's witness Sathish Rajasekaran concerning hours that technology services company iGate Technologies, Inc. ("iGate") spent developing the Penske Online Payment System ("POPS"). Level One argues that Penske withheld discovery on this subject. At Rajasekaran's deposition on the last day of discovery, he introduced a spreadsheet using iGate monthly registers to estimate the hours it spent developing POPS. Level One seeks to exclude that spreadsheet and related testimony. Because Level One had the ability to cure any prejudice from this late disclosure by objecting during the deposition and seeking the monthly registers after the deposition, I will not exclude this evidence. Instead I will compel production of the registers and allow Level One to depose Rajasekaran on this subject.

**BACKGROUND**

On March 21, 2016, Level One served a subpoena *duces tecum* on iGate for "All documents concerning any time records, statements, invoices or other writings reflecting work or actions undertaken by [iGate] in the development of POPS." (ECF No. 117-1). Level One served a request for production of the same documents on Penske. (ECF No. 237-6). After nine months without a definitive answer, Level One filed a motion to compel those documents. Level One withdrew that motion when Rajasekaran submitted a sworn declaration that iGate had provided all responsive documents. During his deposition on the last day of discovery, however, Rajasekaran stated that iGate had monthly registers documenting workers' hours. He also stated that iGate previously possessed employee time records. Unfortunately, for Level One, the employee time records—which are more precise—had been destroyed when iGate migrated to a new system on December 31, 2016, months after Level One had served its initial subpoena *duces tecum*.

Based on the monthly registers, Rajasekaran developed a spreadsheet of the hours iGate spent developing POPS. He described the contents of that spreadsheet during his deposition. Level One seeks to exclude from trial that spreadsheet and related testimony. Level One argues Penske had control over those time records

because Rajasekaran worked at its direction, on its campus, and under its authority. Level One further argues that it has been prejudiced by Penske and iGate's failure to disclose either the employee time records or monthly registers as required by Federal Rule of Civil Procedure 26(a). These omissions allegedly prevented Level One from being adequately prepared to depose Rajasekaran on this subject.

## LEGAL STANDARD

I must determine when parties have violated the Federal Rules of Civil Procedure and the applicable sanctions. See <u>Sprint/United Mgmt. Co. v. Mendelsohn</u>, 552 U.S. 379, 384 (2008) (holding that district courts have broad discretion in evidentiary rulings). Pursuant to Rule 37(c)(1), "if a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information . . . unless the failure was substantially justified or is harmless." Rule 26(a), in turn, requires parties to produce a copy of all documents "that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses . . . ."

## ANALYSIS

Penske's argues that, within the meaning of Rule 26(a), it did not have "possession, custody, or control," of the employee time records or monthly registers. Specifically, those records were allegedly the property of iGate, not of

Penske, and Penske had no control over Rajasekaran, the man who used the monthly register.

The Federal Rules of Civil Procedure do not define what constitutes control. It is a "fact-specific" inquiry. 8A Wright, Miller & Marcus, Fed Prac. & Proc. § 2210, at p. 397 (2d ed. 1994). In the absence of more specific guidance, the Eighth Circuit has held that "the rules for depositions and discovery are to be accorded a broad and liberal treatment." Credit Lyonnais, S.A. v. SGC Int'l, Inc., 160 F.3d 428, 430 (8th Cir. 1998). Furthermore, district courts in this Circuit have defined control as "the ability to obtain upon demand documents in the possession of another." Orthoarm, Inc. v. Forestadent USA, Inc., No. 4:06-CV-730 CAS, 2007 WL 1796214, at *2 (E.D. Mo. June 19, 2007) (quoting Prokosch v. Catalina Lighting, Inc., 193 F.R.D. 633, 636 (D.Minn.2000)). In asserting the same definition, the court in Wells v. FedEx Ground Package System held that the defendant Fedex Ground Package System had the "practical ability" to obtain documents from its sister company Fedex Freight. Wells v. FedEx Ground Package Sys., Inc., No. 4:10-CV-02080-JAR, 2012 WL 4513860, at *2 (E.D. Mo. Oct. 1, 2012).

The circumstances in this case are different from a parent-subsidiary or sister company relationship. See, e.g., id; A.O.A. v. Doe Run Res. Corp., No.

4

4:11-CV-44-CDP, 2014 WL 1356103, at *1 (E.D. Mo. Apr. 7, 2014). Nonetheless, the facts at hand reflect a close relationship between Penske and iGate. This close relationship is apparent in iGate employees' presence at Penske's offices and their shared computer systems. Level One notes, for example, that "[a] lot of the work iGate does for Penske is actually stored on Penske, and not iGate, servers." (ECF No. 237 at 3 (citing ECF No. 237-4, Showalter Depo., 50:7-51:1)). There are between twelve and twenty iGate employees located onsite at Penske, and they reportedly use Penske laptops and email. (ECF No. 237-5, 13-14). Rajasekaran himself has been onsite at Penske for 13 years.

With these practices in mind, Penske had the practical ability to obtain the time records and monthly registers. iGate had shaped its entire workplace and practices to the convenience of Penske, including by using Penske laptops and email. The documents in question may have even been stored on Penske servers. (ECF No. 237 at 7). Even if they were not stored on Penske's servers, it is clear that iGate would comply with any demand from Penske for documents supporting the contracted projects. As a result, these documents were within Penske's control and Penske had the obligation to disclose these documents in a timely manner.

When deciding the appropriate sanction for this circumstance, I must evaluate whether Penske's non-disclosure is justified or harmless. Rodrick v. Wal-

Mart Stores E., L.P., 666 F.3d 1093, 1096–97 (8th Cir. 2012); Fed. R. Civ. P. 37(c) ("the party is not allowed to use that information . . . unless the failure was substantially justified or is harmless."). To make this evaluation, I should consider the non-exclusive list of factors provided by the Eighth Circuit including "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." Id.

Level One validly argues that it was prejudiced because it was inadequately prepared to depose Rajasekaran on the topic of the monthly registers. Level One had the ability to cure that prejudice, however, by (1) moving for compelled production of the monthly registers and (2) by moving for leave to depose Rajasekaran. Neither party makes an argument that the introduction of Rajasekaran's testimony would disrupt the trial. Finally, it is possible that iGate acted in bad faith. iGate is not a party to this case, however. Penske is.

Having balanced these factors, I am convinced that they weigh against excluding the evidence in question. "Exclusion of evidence is a harsh penalty, and should be used sparingly." ELCA Enters, Inc. v. Sisco Equip. Rental & Sales, Inc., 53 F.3d 186, 190 (8th Cir. 1995). Instead of excluding Rajasekaran's testimony

and the monthly registers, I will order iGate and Penske to produce the monthly registers in question and Rajasekaran's spreadsheet. Additionally, I will allow Level One to depose Rajasekaran on this subject alone.

Accordingly,

**IT IS HEREBY ORDERED** that Penske's Motion in Limine to Exclude Non-Disclosed Evidence and Testimony, [No. 236], is **GRANTED** in part and **DENIED** in part. Penske may seek to introduce the evidence and testimony in question at trial.

**IT IS FURTHER ORDERED** that iGate and Penske must produce the monthly registers in question as well as Rajasekaran's spreadsheet. iGate and Penske also must make Rajasekaran available for deposition on the subject of the spreadsheet, the monthly registers, and any other time records in question.

/s/ Rodney W. Sippel
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 10th day of August, 2018.