UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| LEVEL ONE TECHNOLOGIES, INC., | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) Case No. 4:14 CV 1305 RWS |
| PENSKE TRUCK LEASING CO., L.P., and PENSKE LOGISTICS LLC, | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

Defendant Penske moves for summary judgment on Level One's remaining breach of contract (Count I) claim [No. 185]. Penske argues that Level One cannot establish damages and its case must be dismissed. I denied Penske's motions to exclude Level One's expert testimony. [No. 273]. Because Level One has some evidence to prove damages, which creates a dispute of material fact, I will deny Penske's motion for summary judgment.

## BACKGROUND

Technology services company Level One brought this suit against Defendant Penske Truck Leasing Co ("Penske") alleging that it stole Level One's online payment source code, developed a competing payment system, and stopped using Level One's payment system in breach of contract. Level One has voluntarily dismissed its Trade Secrets Claim, and I have granted summary judgment on all of

Level One's other claims except for its breach of contract claim. Penske now moves for summary judgment on that breach of contract claim.

## LEGAL STANDARD

I can only grant summary judgment if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates (1) that there is no genuine issue as to any material fact and (2) that the moving party is entitled to judgment as a matter of law. Lynn v. Deaconess Med. Ctr., 160 F.3d 484, 486 (8th Cir. 1998) (citing Fed. R. Civ. P. 56(c)). In this evaluation, I view all facts and factual inferences in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The party seeking summary judgment bears the burden of establishing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

## ANALYSIS

Penske argues that it is entitled to judgment as a matter of law because (1) Level One cannot establish damages without Dr. Rosenberg's and Taylor's testimony; (2) saved development costs cannot support the damages element of a breach of contract claim; and (3) Level One's lost profit damages are too speculative. The first argument is moot, because I denied Penske's motion to

exclude Dr. Rosenberg's and Taylor's testimony. [No. 273]. The second argument is also moot, because I have dismissed Level One's unjust enrichment claim. [No. 268]. Level One concedes that it only offered saved development costs for the purpose of unjust enrichment. [ECF No. 209 at 5]. I will reject this third argument for the reasons explained below.

Under Missouri law, plaintiffs seeking lost profits at trial "must produce evidence that provides an adequate basis for estimating lost profits with reasonable certainty." Polytech, Inc. v. Affiliated FM Ins. Co., 21 F.3d 271, 276 (8th Cir. 1994). Penske argues that Level One cannot fulfill this requirement, because Level One has no history of profits. (ECF No. 187 at 10) (citing Midwest Coal, LLC ex rel. Stanton v. Cabanas, 378 S.W.3d 367, 370 (Mo. Ct. App. 2012). In reply, Level One argues that lost profits arising from breach of contract can be proven without a history of company-wide profits if a plaintiff (1) clearly establishes the fact of damages and (2) the amount of damages is readily ascertainable. Midwest Coal, 378 S.W.3d at 371.

I find that Level One provides enough evidence to estimate lost profits with reasonable certainty. See Polytech, Inc., 21 F.3d at 276. To the extent

that a history of profits is necessary,[1] I also find that Penske meets the requirements of the Midwest Coal exception. Level One clearly establishes the fact of damages by quantifying the number of transactions that Penske processed through POPS and the per-transaction profit. Second, the amount of damages is readily ascertainable because Level One's revenue per transaction was known ($1.55) and its costs per transaction can be estimated with reasonable certainty. As a result, Level One's damages are not so speculative that they provide no basis for recovery.

Accordingly,

**IT IS HEREBY ORDERED** that Penske's motion for summary judgment, [No. 185], is **DENIED**.

                                       */s/ Rodney W. Sippel*
                                       RODNEY W. SIPPEL
                                       UNITED STATES DISTRICT JUDGE
Dated this 25th day of September, 2018.

---

[1] The primary case Defendant cites for this rule involves the complete interruption or sale of a business opportunity. See Midwest Coal, LLC ex rel. Stanton v. Cabanas, 378 S.W.3d 368-370, 371 (alleging that plaintiff missed out on business opportunity for a coal slurry because of a fraudulent misrepresentation).