UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LEVEL ONE TECHNOLOGIES, INC., | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 4:14 CV 1305 RWS |
| PENSKE TRUCK LEASING CO., L.P., and PENSKE LOGISTICS LLC, | ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM & ORDER

Plaintiff Level One moves to exclude eleven opinions offered by Defendant's expert witness Mark Hoffman. After closely reviewing the opinions and arguments, I conclude that Hoffman's Opinion 3.2.3 offers no probative value because it describes an inapplicable standard. I disagree with Level One's other arguments for excluding Hoffman's opinions. As a result, I will grant Level One's motion to exclude only with respect to Opinion 3.2.3.

## BACKGROUND

Penske hired certified public accountant Mark Hoffman as an expert witness to evaluate and critique opinions offered by Level One's expert Robert Taylor. Taylor's opinions purport to calculate the damages in this breach of contract case. I denied Penske's motion to exclude Taylor's expert testimony. Level One now moves to exclude portions of Hoffman's testimony based on Federal Rule of

Evidence 702's requirement that an expert's "specialized knowledge" must "help the trier of fact to understand the evidence or determine a fact in issue." Level One also argues that Hoffman's opinions offer evidence whose probity is outweighed by potential prejudice, in violation of Federal Rule of Evidence 403.

**LEGAL STANDARD**

I must act as a gatekeeper for all expert testimony, ensuring that it is "not only relevant but reliable." Kumho Tire Co. v. Carmichael, 526 U.S. 137, 147, (1999). An expert witness may only provide an opinion if (1) she is qualified "by knowledge, skill, experience, training, or education;" (2) her knowledge "will help the trier of fact to understand the evidence or determine a fact in issue;" (3) her testimony "is based on sufficient facts or data" and "is the product of reliable principles and methods;" and (4) she has "reliably applied those principles and methods to the facts of the case." Fed. R. Evid. 702. "The touchstone for the admissibility of expert testimony is whether it will assist or be helpful to the trier of fact." Lee v. Andersen, 616 F.3d 803, 808 (8th Cir. 2010). As with all evidence, expert testimony must also fulfill Federal Rule of Evidence 403. Specifically, I may exclude evidence "if its probative value is substantially outweighed by . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

# ANALYSIS

Level One seeks to exclude eleven of Hoffman's opinions based on eight issues. I will address each issue separately.

### I. Opinion 3.1.D.4 that Level One's Profit History Does Not Support Mr. Taylor's Lost Profits Opinions

Penske argues that, on a company-wide basis, Level One has not made a profit between 2004 and 2015. On this factual basis, Penske sought summary judgment on Level One's claim for lost profit damages. With the same argument in mind, Hoffman's Opinion 3.1.D.4 states that "Level One's profit history does not support Mr. Taylor's lost profits opinions. Plaintiff's historical financial statements show it consistently lost money. . . ." (ECF 243-1 at 15). Level One argues that this opinion is only relevant if a history of company-wide profits is required to recover damages. I disagree. There may be circumstances in which this opinion is relevant and admissible, depending on the evidence presented at trial. As a result, Hoffman may testify in support of Opinion 3.1.D.4, subject to any objections at trial and cross-examination.

### II. Opinion 3.1.D.6 that Level One's Financial Statement is Insufficient Because it was Not Prepared in Accordance With GAAP

Hoffman provides six reasons why Level One's financial statements should not be relied on when determining lost profits. These arguments include the claim

that Level One's financial statements should have been prepared in accordance with Generally Accepted Accounting Principles ("GAAP") and should have been audited. Level One argues that these critiques of its financial statements apply "labels that will sound significant to a lay jury but which actually have no import." I disagree. Hoffman's critiques go to the credibility of Level One's financial statements. They are relevant to a jury's determination of what evidence to consider, and do not appear to be overly prejudicial or confusing. As a result, Level One does not demonstrate that this opinion should be excluded under Rule 702.

    III.    Opinion 3.2.3 that Taylor should have supervised and analyzed key assumptions of Dr. Rosenberg.

Hoffman cites a standard from the American Institute of Certified Public Accountants ("AICPA") to argue that Taylor should have provided more supervision and review of Level One's other expert, Dr. Craig S. Rosenberg. (ECF 243-1 at 23 (citing AICPA Code of Professional Conduct and Bylaws § 2943, ET Section 291 – Ethics Rulings on General and Technical Standards at ¶ 12)). The standard is written for "third-party service providers," which is defined as "[a]n individual not employed by the [AICPA] member" who "assists the member in providing professional services. . . ." (AICPA Code of Professional Conduct and Bylaws § 2943, ET Section 191 – Use of a Third-Party Service Provider to Assist a

4

Member in Providing Professional Services at ¶ 112). The context of the AICPA Code of Professional Conduct makes clear that Dr. Rosenberg was not assisting Taylor in providing professional services. He is a separate expert testifying on behalf of Level One, not in support of Taylor. As a result, Opinion 3.2.3 cites an inapplicable standard that has no probative value and should be excluded pursuant to Federal Rule of Evidence 402.

  IV. Opinion 3.2.8(c) that Taylor Should Have Determined the Replacement Cost of Epay Manager

Hoffman opines that Taylor should have tested Dr. Rosenberg's opinions about the amount of time it took to develop Epay. Specifically, Hoffman argues that Taylor should have used a replacement cost estimate method outlined by AICPA. Level One argues that this standard is inapplicable, because Dr. Rosenberg did not perform any replacement cost estimate. The point of raising the standard, however, is to argue that a replacement cost estimate would have been more credible than the method that Dr. Rosenberg actually used. As a result, Opinion 3.2.8(c) would not confuse the jury or prejudice Level One within the meaning of Rule 403. Level One does not demonstrate that this opinion should be excluded.

5

V.   Opinion 3.2.5, 3.2.8(b), 3.2.8(c), and 3.2.8(g) Regarding Obsolescence

Hoffman opines that Taylor should have used principles of obsolescence to verify Dr. Rosenberg's opinions about the amount of time it took to develop Epay. Level One argues that obsolescence is only relevant to a replacement cost analysis and that these opinions are irrelevant. As stated above, Hoffman may attack Taylor's credibility by stating that he should have conducted a replacement cost analysis. As a result, related concepts of obsolescence are relevant, and Level One does not demonstrate that these opinions should be excluded.

VI.   Opinion 3.3.A.3 that Alternative Payment Software Was Available

Hoffman opines that "there are numerous alternatives available" for freight payment services, including a collection of 32 that he lists in his Opinion 3.3.A.3. Hoffman offers this evidence to assert that Taylor unreasonably assumed that Penske had "no alternative to Epay manager." (ECF No. 243-1 at 32). Level One argues that testimony concerning these alternatives is outside of Hoffman's area of expertise. Hoffman was hired by Penske because he is a certified public accountant with expertise in valuating intellectual property damages. In Opinion 3.3.A.3, Hoffman primarily attacks Taylor's methods of valuating Level One's damages. He references alternative software programs in this context. As a result, Opinion

3.3.A.3 is within the scope of Hoffman's expertise and he may offer it at trial, subject to any objections at trial and cross-examination.

    VII.    Opinion 3.7.2 that Taylor Miscalculated Unjust Enrichment

In his Opinion 3.7.2, Hoffman states that Taylor miscalculates unjust enrichment damages. This opinion is moot, because I have dismissed Level One's unjust enrichment claim. [No. 268].

    VIII.    Opinion 3.7.3 that Taylor Double-Counted Certain Damages

In his Opinion 3.7.3, Hoffman states that Taylor double-counted damages for saved development costs, which is a part of Penske's alleged unjust enrichment. This opinion is also moot, because I have dismissed Level One's unjust enrichment claim. [No. 268].

Accordingly,

**IT IS HEREBY ORDERED** that Level One's motion to exclude certain portions of Hoffman's testimony, [No 241], is **GRANTED** in part and **DENIED** in part. Opinion 3.2.3 will be excluded because it has no probative value. Fed. R. Evid. 402.

                                                   _____
                                                   RODNEY W. SIPPEL
                                                   UNITED STATES DISTRICT JUDGE

Dated this 18th day of October, 2018.